White, J.
The object of this proceeding is to obtain the reversal of the judgment of the district court affirming the judgment of the court of common pleas. On the trial the case was submitted to the court, without the intervention of a jury, upon an agreed statement of facts.
It appears from the statement, that the plaintiffs in error, the defendants below, were wholesale dealers in millinery and straw goods in Toledo, and had in their service as a salesman and traveling agent one Wright, who was hired by the year on a salary. Wright’s duties required him to stay in the store, or travel, soliciting orders for goods and making collections, as his employers might direct. When in the store he paid his own board ; when traveling his expenses were allowed to him, and paid by his employers. At the time of the transaction in controversy he was traveling under his employment with the plaintiffs in error, but he had uo particular instructions, nor was he under any orders as to the route or mode of travel he should adopt. At Wapaukanetta, Wright, without disclosing his principals, hired of the plaintiffs below, who were livery stable keepers, a team and buggy to go to Celina and St. Mary’s. At St. Mary’s, *214 while the horses were standing in front of a store in which Wright was doing business, they took fright and broke the bridle by which they were hitched, but were caught before any damage was done. The horses were then tied up by a halter, which was fastened around the neck of the near horse. Wright took the broken bridle, which belonged to the near horse, to a shop, to be repaired; and after finish ing his business at the storej he undertook to lead the team to the repair shop, by the halter around the neck of the near horse. On the way one of the buggy wheels struck a stone, thereby causing some paper boxes to be thrown fi om the buggy. This frightened the horses, and Wright not being able to hold them by the halter, they broke away, and thus caused the damage to the buggy, harness, and to one of the horses, for which the action was brought.
The foregoing is the substance of what- is embraced in the agreed statement.
The court found in favor of the plaintiffs below, and assessed their damages. The defendants made a motion for a new trial, which was overruled, and judgment rendered on the finding. Two grounds of error are relied on by the counsel of the plaintiffs in error :
1. That on the facts Wright was not guilty of negligence.
2. That in the hiring and use of the team he Avas not the servant or agent of the plaintiffs in error.
We think both propositions Avere correctly decided by the court below.
As to the question of negligence, it may be remarked, there is no claim that the horses were more liable to take fright than horses ordinarily are. The only questiou, therefore, is, whether Wright was in the exercise of due care in attempting, under the circumstances, to lead the horses to the shop Avhere the bridle had been left for repairs, from the place at which they Avere hitched, with no other means of guiding or holding them than the halter. They had but a short time before broken away through fright, and it- was not reasonable to suppose they had entirely recovered from its effects. Ordinary prudence would, it seems to us, untNr *215 the circumstances, have dictated that he should have gone to the shop and brought the bridle to where the horses were, rather than have attempted to take them, in the manner he did, to the shop to get the bridle.
We think it quite clear that in the hiring and use of the team Wright was acting as the servant or agent of the plaintiffs in error ; and, consequently, they were liable for the hire, and for the negligence of Wright in the use of the team.
The question is, whether Wright is to be considered as the servant or agent of the plaiutiifs in error, or as a contractor exercising an independent employment.
The general rule is that the master is liable in law for the negligence of the servant, through whom, in legal contemplation, he is said to act while in his employment. But when the person employed is in the exercise of an independent employment, and not under the immediate control, direction, or supervision of the employer, the latter is not liable for the negligence of the former. De Forrest v. Wright, 2 Mich. R. 370; Sadler v. Henlock, 4 El. & B. 570 ; Foster v. Hooper et al. 11 Allen, 421.
In the present case Wright, in respect to his employment, was at all times subject to the will of his employers, and could not, consistently with his duty to them, refuse to obey their directions in the performance of the service for which he was engaged. It was not necessary that they should, in fact, exercise such control. If they had the authority to the extent indicated, the fact that they chose to leave the details to his discretion would not alter the relation of the parties.
We think Wright was a mere servant or agent, and cam not be regarded as a contractor within the meaning of the cases bearing on the subject. Shear. & Redf. on Neg. §§ 73, 76. His contract of employment did not bind him to produce any given result. His time belonged to his employers, and he was entitled to be paid irrespective of results. Motion overruled.
Welch, C. J., and Day, MoIlvaine and West, JJ., concurred.